**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-03347-GPG

WYATT T. HANDY JR.,

    Plaintiff,

v.

CITY OF AURORA,
OFFICER ANTHONY NICHOLS,
OFFICER CHRISTOPHER THRIVIERGE,
OFFICER JOSIAH COE,
OFFICER CHRISTOPHER YARBOROUGH, and
OFFICER ALEX SOTELO,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
AN AMENDED COMPLAINT

---

    Plaintiff Wyatt T. Handy Jr. currently resides in Denver, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Complaint pursuant to 28 U.S.C. § 1331. Plaintiff asserts that his First, Fourth, Eighth, and Fourteenth Amendment rights have been violated. Plaintiff also contends that he has been subjected to excessive bail in violation of the Eighth Amendment and that his rights have been violated under the Religious Land Use and Institutionalized Persons Act (RLUIPA). He was granted leave to proceed without prepayment of fees or costs.

    Plaintiff sets forth five claims. He identifies the claims as follows: (1) Claim One, "First Amendment-Freedom of Speech: Right to Petition the Government for a Redress

of Grievances; Retaliation: (First and Second Traffic Stop)"; (2) Claim Two, "Fourth Amendment-Unlawful Seizure (First Traffic Stop);" (3) Claim Three, "Fourth Amendment-Unlawful Search (Second Traffic Stop);" (4) Claim Four, "Fourteenth Amendment-Denial of Equal Protection (First Traffic Stop)"; and (5) Claim Five, "State Tort-Negligence (First and Second Traffic Stop)." ECF No. 1 at 4-34. Plaintiff seeks declaratory and other injunctive and/or equitable relief. He also seeks compensatory, punitive, and exemplary damages against defendants in their individual and official capacities.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint.

The Court finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix pleadings violate the requirements of Rule 8.

The Court, therefore, will direct Plaintiff to file an Amended Complaint that complies with the pleading requirements of Rule 8. The Court, first, takes note that Plaintiff is a prolific filer in this Court. He is well aware that it is his responsibility to present his claims in a manageable format that allows the Court and a defendant to know what claims are being asserted and to be able to respond to those claims.

Plaintiff's claims are repetitive. He repeats supporting allegations in each claim and intermingles illegal seizure, racial profiling claims throughout each of the claims, even though he has specifically identified a claim as stating either illegal seizure, freedom of speech, right to the redress of grievances, retaliation, or an unlawful search.

Plaintiff, overall, is attempting to challenge two traffic stops that took place less than three hours of each other; the first stop was on December 2, 2017, at 11:35 p.m., and the second stop was on December 3, 2017, at 2:26 a.m. ECF No. 1 at 5-6. In Claim One, he addresses both stops, and in Claims Two and Three, he addresses each stop separately based on the same facts and alleged constitutional violations set forth in Claim One.

Throughout the five claims that pertain to these stops he asserts in a conclusory manner that the stops were based on the Aurora Police Department's unwritten custom, practice, and policy of stopping African-American black males regardless if reasonable suspicion or probable cause exists to stop them. In support of his Fourteenth Amendment claim regarding the first traffic stop in Claim Four, Plaintiff sets forth demographics of the City of Aurora for the basis that he was racially profiled in the stop that occurred on December 2, 2017. Plaintiff further identifies at least ten other incidents over the past ten years that involved individuals who either are Hispanic or African-American and who were subjected to excessive force or who were assaulted or murdered by Aurora Police officers without cause.

Plaintiff's claims are not set forth in a clear, concise, and simple manner. Furthermore, the Complaint suffers from the following deficiencies:

1.  Municipalities

Plaintiff names the City of Aurora as a defendant. In Claims One and Two, Plaintiff asserts that the City of Aurora has an "unwritten" custom, practice and policy, to either stop African-American/Black males, regardless if reasonable suspicion or probable cause exist [sic], and/or to search their vehicles, without reasonable suspicion or probable cause. *See* ECF No. 1 at 5-6 and 14.

If Plaintiff wishes to pursue a § 1983 claim against a government entity (one that is not immune from suit), he must allege facts that show the existence of a policy or custom that directly caused the violation of a constitutional right. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998). Local government entities are not

liable under § 1983 solely because their employees inflict injury on a plaintiff. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).

Plaintiff may recover against a municipality only if he suffers an injury caused by a policy or custom of the municipality. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013). "To establish municipal liability, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993 (10th Cir. 1996). Further, Plaintiff cannot state a claim for relief against a government entity under § 1983 merely by pointing to an isolated incident. *See Monell*, 436 U.S. at 694.

Unwritten customs not "formally approved by an appropriate decisionmaker" can suffice to create municipal liability if the "practice is so widespread as to have the force of law." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). "Where the plaintiff does not contend that the municipality, directly inflicted the injury through its legislature or a 'final municipal decisionmaker,' but instead that a custom or policy caused one of its subordinate employees to do so, the municipality is not automatically liable for that subordinate's actions." *Kramer v. Wasatch County Sheriff's Office,* 743 F.3d 726, 759 (10th Cir. 2014) (citing *Brown* at 403, 406).

2.  Freedom of Speech/Retaliation/Grievances

First, it is well established that "the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston v. Hill*, 482 U.S. 451, 461 (1987). An individual may not "be punished for

5

nonprovocatively voicing his objection to what he obviously felt was a highly questionable detention" or arrest by a police officer.   *Norwell v. City of Cincinnati*, 414 U.S. 14, 16 (1973) (per curiam).   Nonetheless, no matter how inappropriate, verbal harassment and threats without more, do not rise to the level of a constitutional violation unless they create "terror of instant and unexpected death."   *Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir.1992).

Furthermore, the "[m]ere allegations of constitutional retaliation will not suffice; plaintiff must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."   *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions").   Plaintiff fails to assert specific facts showing that the "but for" reason for retaliation was due to his exercising a constitutional right.

   3.  Individual/Official Capacities

To the extent Plaintiff sues the individual police officer Defendants in their official capacities, the claims are construed as claims against the City of Aurora, *see Hafer v. Melo*, 502 U.S. 21, 25 (1991), and must meet the pleading requirements for municipal liability.

   4.  RLUIPA/Excessive Bail (Eighth Amendment)

Plaintiff identifies RLUIPA and the Eighth Amendment based on excessive bail as statutory authority for jurisdiction in this Court.   Neither RLUIPA nor excessive bail is addressed in the five claims that Plaintiff has set forth.

5. Statute of Limitations

The statute of limitations for a Fourth Amendment claim begins to run when the unconstitutional search took place.  See *Garza v. Bennett*, 672 F.3d 1217, 1220 (10th Cir. 2012).  Under Colorado law, "[a]ll actions against sheriffs, coroners, police officers, firefighters, national guardsmen, or any other law enforcement authority" must be commenced within one year after the cause of action accrues "regardless of theory upon which suit is brought." COLO.REV.STAT. § 13-80-103(1)(c) (2014).  This statute applies to Defendants Nichols, Thrivierge, Coe, Yarborough, and Sotelo.  See, e.g., *Moore v. Town of Erie*, No. 12-cv-02497-CMA-MJW, 2013 WL 3786646, *5 (D. Colo. July 19, 2013) (stating that statute of limitations under § 13-80-103(1)(c), C.R.S., for actions against a police officer is one year.); *Handy v. Pascal*, No. 11-cv-00708-WYD-KMT, 2011 WL 5176153, at ECF No. 69 (D. Colo. Aug. 29, 2011) (state law tort claim asserted against defendant narcotics investigator with Aurora police department was barred by § 13-80-103(1)(c), C.R.S.), *adopted and aff'd* by 2011 WL 5240435, at *9 (D. Colo. Oct. 31, 2011).

6. Racial Profiling

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  *Requena v. Roberts*, 893 F.3d 1195, 1210 (10th Cir. 2018) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).  As such, to adequately plead an Equal Protection Clause claim, Plaintiff must satisfy this threshold question by alleging facts that defendants treated him differently from others similarly situated.  *Id.*

7

"Individuals are 'similarly situated' only if they are alike 'in all relevant respects.'" *Id.* (quoting *Coalition for Equal Rights, Inc. v. Ritter*, 517 F.3d 1195, 1199 (10th Cir. 2008) (quotation marks omitted)). Moreover, because Plaintiff's claim is essentially a claim of racially selective law enforcement, he "must demonstrate that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose." *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1168 (10th Cir. 2003). "The discriminatory purpose need not be the only purpose, but it must be a motivating factor in the decision." *Id.* "[A] police officer's pattern of traffic stops and arrests, his questions and statements to the person involved, and other relevant circumstances may support an inference of discriminatory purpose in this context." *Id.*

    7.  Personal Participation

First, Plaintiff's conclusory allegation that Defendant Yarborough is responsible for the violation of his constitutional rights because he was the employee with the final policymaking "Authority" on the scene, and had authority over his subordinate Law Enforcement Officers, Nichol, Coe, and Sotelo is deficient for the following reasons. *See* ECF No. 1 at 11-12.

A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct arising from his or her superintendent responsibilities, the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).   Therefore, to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."   *Id.* at 1199.

Second, Plaintiff fails to assert how Defendants Yarborough, Coe, and Sotelo personally participated in the alleged constitutional violations.

Plaintiff must explain ***what each defendant did to him, when the defendant did it, how the defendant's action harmed him, and what specific legal right he believes the defendant violated***.   *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added).   To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.   *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Accordingly, it is

ORDERED that Plaintiff file an Amended Complaint as instructed above, **within thirty days from the date of this Order**.   It is

FURTHER ORDERED that Plaintiff shall obtain the proper Court-approved form, along with the applicable instructions, at www.cod.uscourts.gov for use in filing the Amended Complaint.   It is

FURTHER ORDERED that if Plaintiff fails to properly amend the Complaint, **within thirty days from the date of this Order**, the Complaint will be subject to dismissal for the reasons stated above.

DATED January 7, 2020, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge