IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-CV-03347-RBJ-SKC

WYATT T. HANDY JR.,

    Plaintiff,

v.

CITY OF AURORA, et. al.,

    Defendant.

```
       FILED
UNITED STATES DISTRICT COURT
    DENVER, COLORADO

    JUL -9 2020

  JEFFREY P. COLWELL
              CLERK
```

## MOTION TO DETERMINE IF PROCESS WAS SERVED ON DEFENDANTS PROPERLY

COMES NOW, Wyatt T. Handy Jr., Plaintiff pro se, respectfully request this Court, pursuant to Fed.R.Civ.P. Rule 4, to determine if Defendants were personally served or waived service, and if not, to ORDER process served properly, whereas Defendants is under the jurisdiction of the Court. As grounds, Plaintiff states as follows:

1. Pursuant to D.C.ColoLCivR 7.1(A), the Plaintiff conferred with counsel for Defendants, on the relief sought in this motion. The Defendants do not oppose the requested relief.

2. On November 26, 2019, Plaintiff filed his Complaint and Application to Proceed Without Prepaying Fees or Costs in the above captioned case. See Doc. No. 1 & 3.

3. On December 2, 2019, Plaintiff's Motion for Leave to Proceed In Forma Pauperis was GRANTED, by Magistrate Judge Gordon P. Gallagher. Doc. No. 4.

4. On May 18, 2020, Plaintiff filed a Motion for Waiver of Service of Summons and Complaint, requesting the Court, to direct the Clerk of the Court, to mail Defendants waivers. Doc. No. 10.

5. On May 19, 2020, the Court issued its Order on Motion for Waiver as Moot, stating in part, "this case is already set for service by the US Marshals. Their service efforts have been delayed by the restrictions and precautions put in place due to the COVID-19 pandemic, but service will be conducted as soon as it is feasible."

6. On June 26, 2020, Defendants filed a Motion Extension of Time to File Answer or Otherwise Respond. Doc. No. 13.

7. On June 29, 2020, the Court issued its Order Granting Defendants' Motion for Extension of Time to Answer or Otherwise Respond. Doc. No. 15.

8. Plaintiff is concerned how and if process was served on Defendants. Plaintiff has no idea if Defendants was personally served by the United States Marshal, or if they waived service, because there's no record in the court's docket, via a "service affidavit" or returned "waiver" forms, therefore, raising questions of jurisdiction.

9. Pursuant to Fed.R.Civ.P. Rule 4(d)(1)(C) and Rule 4(L)(1), the waiver of service form and/or the proof of service affidavit, depending on if Defendants waived service or was personally served, (if they was served or waived service), should be filed with the Court, as proof that they waived service or was personally served.

10. Finally, the Court docket doesn't reflect the attorney(s) who represent Defendants, because no attorney(s) have entered their appearance in the above captioned case on behalf of Defendants.

WHEREFORE, Plaintiff respectfully move this Court, pursuant to Fed.R.Civ.P. Rule 4, and any other law or rule, to determine if Defendants was personally served or waived service, and if not, to ORDER process to be served properly, whereas Defendants are under the jurisdiction of the Court.

Dated: 07/06/2020

Wyatt T. Handy Jr.

P. O. Box 221531

Denver, CO. 80222

## CERTIFICATE OF MAILING

I hereby certify that on this **6th** day of **JULY 2020,** A true and correct copy of the foregoing attached **PLAINTIFF'S MOTION TO DETERMINE IF PROCESS WAS SERVED ON DEFENDANTS PROPERLY**
was deposited into the United States Mail, postage prepaid by First Class postage, addressed to the following:

**UNITED STATES DISTRICT COURT**
**901 19th Street**
**Denver, CO 80294**

**Charles A. Piekarski**
**Aurora City Attorney's office**
**15151 E. Alameda Pkwy.**
**Aurora CO 80012**

By: _____
W.T. Handy Jr.
P.O. Box 221531
Denver, CO 80222

