IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03347-RBJ-SKC

WYATT T. HANDY, JR.,

      Plaintiff,

v.

CITY OF AURORA,
OFFICER ANTHONY NICHOLS,
OFFICER CHRISTOPHER THRIVIERGE,
OFFICER JOSIAH COE,
OFFICER CHRISTOPHER YARBOROUGH, and
OFFICER ALEX SOTELO,

      Defendants.

_____

## UNOPPOSED JOINT MOTION FOR STAY OF PROCEEDINGS PENDING RULING ON MOTION TO DISMISS

_____

Defendants Anthony Nichols, Christopher Thivierge, Josiah Coe, Christopher Yarborough, Alex Sotelo, ("Defendant Officers") and Defendant City of Aurora submit this Unopposed Joint Motion for Stay of Proceedings Pending Ruling on Motion to Dismiss and, in support thereof, state as follows.

### CERTIFICATE

Undersigned counsel have conferred with Plaintiff and are authorized to state that Plaintiff does not oppose the relief requested in this motion.

Undersigned counsel are providing a copy of this motion to their clients as reflected in the attached certificate of service.

## BACKGROUND AND INTRODUCTION

Plaintiff filed his Amended Complaint and Jury Demand ("Complaint") on January 31, 2019, asserting claims against six Defendants, including the City of Aurora, Anthony Nichols, Christopher Thivierge, Josiah Coe, Christopher Yarborough, and Alex Sotelo for alleged injuries sustained during two traffic stops on December 2, 2017, and December 3, 2017, with a subsequent search and seizure, arrest, and conviction for Driving Under the Influence and Possession of a Weapon by a Previous Offender on the December 3, 2017 stop. (Doc. 6.)

Plaintiff alleges two claims in his Complaint, including:

**Claim I:**    42 U.S.C. § 1983 – Fourth and Fourteenth Amendment - Unlawful Search and Seizure (against all Defendants)

**Claim II**:   *Monell* Claim Pursuant to 42 U.S.C. § 1983 - Deliberately Indifferent Training and Supervision Resulting in Violations of the Fourth & Fourteenth Amendments (against City of Aurora)

On July 31, 2020, Defendant City of Aurora and Defendant Officers filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting qualified immunity on behalf of Defendant Officers and seeking dismissal of the entirety of Plaintiff's claims (Doc. 29. Hereinafter, "Motion to Dismiss").

Defendants' Motion to Dismiss seeks, in part, a determination of whether the individual Defendants are protected by qualified immunity. Qualified immunity protects defendants in civil rights cases from not only the burdens of trial but also those of pretrial discovery as well.  *See Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation so as to conserve the time and resources of

6

the Court and the parties.  "[W]hen a case can be dismissed on the pleadings or in an early pretrial stage, qualified immunity also provides officials with the valuable protection from 'the burdens of broad-reaching discovery.'" *Johnson v. Fankell*, 520 U.S. 911, 915 n.2 (1997) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Any claims which the Court declines to dismiss after briefing of the Motion to Dismiss will need to be addressed in the form of an answer.

## MOTION

This Court has the discretion to stay discovery while Defendants' Motion to Dismiss is pending.  *Wason Ranch Corp. v. Hecla Mining Co.*, 07-cv-00267-EWN-MEH, 2007 WL 1655362, *1 (D. Colo. June 6, 2007) (citing *Wang v. Hsu*, 919 F.2d 130 (10th Cir. 1990). Additionally, "a stay may be appropriate if 'resolution of a preliminary motion may dispose of the entire action.'" *Id, citing Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

When exercising its discretion in evaluating a request for a stay of discovery, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of non-parties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery.  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-cv-01934-LTB-PA, 2006 WL 894955, *2 (D. Colo. March 30, 2006).

Here, the factors weigh in favor of staying discovery.  With regard to the first factor, Plaintiff does not oppose the motion so he cannot claim prejudice.  Further, with regard to the second factor, if the Court finds that the individual defendants are protected by qualified immunity, they will unnecessarily suffer without a stay because qualified immunity is intended to protect litigants from the burden of discovery.  Given the claims asserted, discovery is likely to be a lengthy and expensive process.

With regard to the third factor, a stay of discovery may allow the Court to avoid expending resources in managing a significant portion of this action, in that if the individual defendants are found to be protected by qualified immunity, they will be dismissed from this case.  Moreover, the Motion to Dismiss collectively argues for the dismissal of all claims against Defendants.  If such motions are successful, even in part, it will be far more economical and convenient to forego discovery until the resolution of the motions. Resolution of the Motion to Dismiss will likely narrow the scope of the case and, consequently, the scope of discovery.  This factor therefore weighs in favor of a stay.  *See Al-Turki v. Tomsic,* No. 15-cv-00524-RLEB-KLM, 2015 WL 8758745 *2 (D. Colo. Dec 15, 2015).

With respect to the fourth factor, there is no indication that a stay would affect any non-parties to this lawsuit.   Additionally, the public interest favors conservation of resources by the Court and the parties.  Accordingly, the fifth factor weighs in favor of granting the stay.

## CONCLUSION

For the foregoing reasons, discovery in this case should be stayed pending resolution of the Motion to Dismiss.

WHEREFORE, Defendants request an Order from this Court STAYING the proceedings in this matter, including all discovery, until such time as the Motion to Dismiss (Doc. 29) has been ruled on.

Respectfully submitted,


Date:  August 3, 2020                    s/ Charles A. Piekarski_____
                                         Charles A. Piekarski
                                         Julia A. Bannon
                                              OFFICE OF THE CITY ATTORNEY
                                              Aurora Municipal Center # 5300
                                              15151 East Alameda Parkway
                                              Aurora, CO80012
                                              (303) 739-7030 (phone)
                                              (303) 739-7042 (fax)
                                              cpiekars@auroragov.org (e-mail)
                                              jbannon@auroragov.org (e-mail)
                                         ATTORNEY FOR DEFENDANTS


Date:  August 3, 2020                    s/ Ann B. Smith_____
                                         Ann B. Smith
                                              VAUGHAN & DeMURO
                                              111 South Tejon, Suite 545
                                              Colorado Springs, CO 80903
                                              (719) 578-5500 (phone)
                                              (719) 578-5504 (fax)
                                              asmith@vaughandemuro.com (e-mail)
                                         ATTORNEY FOR DEFENDANT OFFICERS

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Charles A. Piekarski**
cpiekarski@auroragov.org

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

Wyatt T. Handy                             ***(E-MAIL & U.S. MAIL)***
PO Box 221531
Denver, CO  80222
Telephone: (720) 461-0787
w.t.handyjr@gmail.com

CLIENT COPIES:

Anthony Nichols              ***(CONFIDENTIAL E-MAIL)***
Josiah Coe                   ***(CONFIDENTIAL E-MAIL)***
Christopher Yarborough       ***(CONFIDENTIAL E-MAIL)***
Alex Sotelo                  ***(CONFIDENTIAL E-MAIL)***
Christopher Thivierge        ***(CONFIDENTIAL E-MAIL)***

                             s/ Ann B. Smith
                             Ann B. Smith