IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03347-RBJ-SKC

WYATT T. HANDY, JR.,

    Plaintiff,

v.

CITY OF AURORA, et al.

    Defendants.

### REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

DEFENDANTS submit this Reply in Support of their Motion to Dismiss (Doc. 29) ("Motion").

**I.  Plaintiff's Response alleges new facts outside the four corners of his Complaint.**

In his Response (Doc. 34), Plaintiff cites to new facts from the three other cases he referred to in his Amended Complaint (hereinafter "Complaint"). These facts were not included in his Complaint, and are referenced here only to bolster his Complaint. *See* Doc. 6, Doc 34, pp. 11-14.[1]

To the extent Plaintiff's Response alleges facts not found in the Complaint, such facts "cannot be raised for the first time in response to a dispositive motion." *Crone v. Dep't of Human Servs.*, 2012 WL 5832428 * 14 (D. Colo. 2012); *In re Qwest Communications Int'l, Inc.*, 396 F.

---

[1] Although materials outside the pleadings may occasionally be taken into consideration, such materials are limited. The Tenth Circuit has stated "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claims and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). The new facts referenced by Plaintiff are not incorporated into the Complaint or otherwise central to the claims sufficient for purposes of consideration of the Motion.

Supp. 2d 1178, 1203 (D. Colo. 2004) (holding that "plaintiffs may not effectively amend their Complaint by alleging new facts in their response to a motion to dismiss").

## II.     Individual Defendants are Entitled to Qualified Immunity.

Plaintiff argues that, with respect to the first traffic stop, Defendant Thivierge did not have a lawful basis for stopping him because he did not commit any traffic violations and also because "swerving" is not a violation of Colorado law. Doc. 34 at pp. 3, 4. Of note, during the second traffic stop at issue in Plaintiff's lawsuit, conducted mere hours after the first stop, Plaintiff was arrested for DUI, detracting from the plausibility of Plaintiff's allegations regarding the first stop. Plaintiff was convicted of this and does not challenge the legality of the second traffic stop. The traffic stop was brief, did not result in Plaintiff being searched or given a citation, and does not state a claim under the Fourth Amendment. As set forth below, the second traffic stop also does not implicate the Fourth Amendment. Officer Defendants did not violate Plaintiff's rights or otherwise were on notice by clearly established case law that their actions would violate such rights.

## III.    Plaintiff's Fourth and Fourteenth Amendment Claims are still barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff contends that the doctrine announced by the Court in *Heck* does not apply to his case because the search and seizure conducted by the Officers was presumed unreasonable. Many of the cases Plaintiff relies on either bolster the Defendants' argument, or have been disapproved by newer case law.  For example, Plaintiff cites *People v. Hauseman*, 900 P.2d 74 (Colo. 1995), and *Pineda v. People*, 230 P.3d 1181 (Colo. 2010).  Both cases were disapproved by the Court in *People v. Vaughn*, 2014 CO 71, ¶ 11, 334 P.3d 226, 229.

Similar to the facts in the present case, *Vaughn* involves an inventory search of the glove box area of a vehicle. The Court held that this type of search is permissible during an inventory search of the vehicle after a proper arrest. *Vaughn*, 2014 CO 71, ¶ 16, 334 P.3d 226, 230. As Defendants stated in their Motion, the search of the glovebox in Plaintiff's vehicle was an inventory search "based on probable cause when that vehicle is lawfully impounded by law enforcement officials." Doc. 29 at ¶ 14.

Plaintiff's own Complaint, and now Officer Nichol's narrative, both state that there was probable cause for the arrest and for the search. *See* Doc. 6 at p. 9, ¶ 60, *see also* Doc. 34-2. Plaintiff contends that he doesn't challenge the convictions from the December 3, 2017, traffic stop, but still challenges the search of his vehicle after his DUI arrest. *See* Doc. 6 at p. 11, ¶ 60, Doc 34 at p. 6. Proving that the search was unlawful would necessarily call into question the conviction on Plaintiff's weapons charge. Plaintiff's claim is still barred by the principle of collateral estoppel or issue preclusion as it applies to § 1983 damages actions which necessarily require Plaintiff to prove the unlawfulness of his criminal conviction based on the same underlying facts. *Ballard v. Burton*, 444 F.3d 391, 397 (5th Cir. 2006).

Since Plaintiff pled guilty to both the DUI and the weapons charge, he cannot later raise independent claims relating to deprivation of constitutional rights that occurred before he entered his guilty plea. *United States v. Salazar*, 323 F.3d 852, 856 (10th Cir. 2003) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

**II.     Plaintiff fails to allege facts sufficient to support allegations of an unconstitutional policy or practice or a failure to train, supervise, or discipline.**

Plaintiff has failed to allege facts sufficient to support his claims of municipal liability. Plaintiff alleges that there have been multiple prior instances of similar conduct, establishing a

3

pattern or practice. However, these bare assertions lack sufficient factual support and no case cited by Plaintiff has resulted in a finding of liability or a judgment against the City.

Plaintiff's Complaint alleges that three individuals have filed lawsuits against the City of Aurora alleging improper vehicle stops and searches. Additionally, Plaintiff alleges in his Response that there are fifteen unspecified instances of improper searches identified by these cases. *See* Doc. 34, p. 11. However, the Complaint gives no factual allegations to support this conclusion, nor does it identify any alleged conduct of officers or details that would explain the alleged constitutional violations by the officers. A bare assertion that a traffic stop took place and the officer violated a person's constitutional rights, with no further factual allegation is insufficient to demonstrate that the stop constituted a violation of any person's rights. For example, Plaintiff states that the *Diallo* case is relevant to the present case. The only relation between the two is the search conducted by the officers, both of which Plaintiff states are "inventory" searches after a DUI stop. *See* Doc. 6, ¶¶ 52, 100. As discussed above in *Vaughn*, inventory searches after arrests are not dependent on officer's subjective motives, and are allowed by policy. Allegations of legally permissible inventory searches are inadequate to demonstrate that the City was on notice of a pattern or practice of unconstitutional conduct or that it had any opportunity or knowledge that would have required additional training to remedy. Plaintiff presents no factual allegations that the City is on notice. Plaintiff also fails to address how incidents that occurred after his traffic stops could have served to put the City on notice. The majority of the alleged other incidents occurred after the date of Plaintiff's encounters with police officers and, therefore, could not form the basis of notice of allegedly unconstitutional customs in Plaintiff's case. *See* Doc. 6, ¶¶ 100, 106, 107, and 108.

Furthermore, Plaintiff fails to allege any facts to support the assertion that these prior incidents involved persons similarly situated to himself. Without such factual allegations, Plaintiff's claims must be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

WHEREFORE, for the reasons set forth above, Defendants respectfully request that this Court enter an Order dismissing Plaintiff's claims as set forth above, with prejudice, and for such other and further relief as the Court deems just and proper, including attorney fees pursuant to C.R.S. § 13-17-201.

Respectfully submitted this 1st day of September, 2020.

| | |
|---|---|
| s/ *Charles A. Piekarski* | s/ *Ann B. Smith* |
| Charles A. Piekarski | Ann B. Smith |
| Julia A. Bannon | VAUGHAN & DeMURO |
| OFFICE OF THE CITY ATTORNEY | 111 South Tejon, Suite 545 |
| Aurora Municipal Center, Suite 5300 | Colorado Springs, CO  80903 |
| 15151 East Alameda Parkway | Telephone:  (719) 578-5500 |
| Aurora, CO 80012 | Facsimile: (719) 578-5504 |
| Telephone: (303) 739-7030 | E-mail:  asmith@vaughandemuro.com |
| E-mail:  cpiekars@auroragov.org | ATTORNEY FOR DEFENDANT |
| jbannon@auroragov.org | OFFICERS |
| ATTORNEYS FOR DEFENDANT CITY | |

## *CERTIFICATE OF SERVICE*

I hereby certify that on this 1st day of September, 2020, I electronically filed the foregoing using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Charles A. Piekarski | Julie A. Bannon |
| cpiekarski@auroragov.org | jbannon@auroragov.org |

and I certify that the foregoing was placed in the U.S. Mail, postage prepaid, and addressed to:

Wyatt T. Handy, Jr.
P.O. Box 221531
Denver, CO 80222

s/ Ann B. Smith
Ann B. Smith
